JENNINGS *v.* PHILADELPHIA & R. R. Co.

*(Circuit Court, D. New Jersey. December 22, 1884.)*

JURISDICTION OF CIRCUIT COURT—RECEIVER APPOINTED IN ANOTHER STATE—ORDER OF PAYMENT OF CLAIM—NEW JERSEY STATUTE—VERDICT—JUDGMENT.

 A verdict before entry of judgment thereon creating no lien on real estate in New Jersey, when a receiver for a railroad corporation, against which such verdict has been obtained, has been appointed before such entry by the United States circuit court for the district of New Jersey, in a proceeding ancillary to

a suit in the circuit court for Pennsylvania, the receiver will not be ordered by the court in New Jersey to pay such judgment; but the plaintiff will be compelled to make application for an order for payment to the court in Pennsylvania.

Rule to Show Cause, etc.

*Richard & Lindabury*, for the rule.

*A. G. Richey*, for defendant.

NIXON, J. This case comes up on a rule to show cause why the receivers of the Philadelphia & Reading Railroad Company should not be required to pay the judgment recovered March 29, 1884, by the above-named plaintiff, out of the funds of the said company in their hands as receivers. On the service of the rule the receivers made return (1) that they had no moneys in their hands which were applicable to the payment of the judgment; and (2) that the proceedings under which they became receivers were instituted in the circuit court of the United States in the Eastern district of Pennsylvania; that the decree in this court, by which they were appointed receivers, was the result of proceedings ancillary to those in the Pennsylvania court; that all their accounts were settled in the court where they were originally appointed, and the disbursement of all moneys coming into their hands as receivers was made under the direction of said court; and that the application for the payment of the judgment should be made to the United States circuit court for the Eastern district of Pennsylvania, which directs and controls the disbursements as aforesaid.

The application is made here, and supported by the counsel for the plaintiff, upon the ground that the plaintiff acquired a lien by his judgment on the real estate of the insolvent corporation in this state before the appointment of the receivers; which lien the court has power to enforce by an order on the receivers for payment, or by execution against the property affected by the judgment. The decisive question in the case seems to be whether any such lien was acquired. The facts are that the plaintiff, suing the defendant corporation in this court for damages in a case of collision with a train of the Lehigh Valley Railroad Company, at the point where the two roads cross each other, obtained a verdict in said suit on the twenty-seventh of March last. No judgment was entered on the verdict, and no steps taken to enter one, until the sixth day of June following, when the defendant corporation itself applied and obtained a rule therefor. But, in the mean time, proceedings had been taken in the circuit court for the Eastern district of Pennsylvania against the defendant as an insolvent corporation, under which, on June 2d, receivers had been appointed, and on ancillary proceedings in this court, on the same day, the same gentlemen were named receivers here. This was deemed necessary in order to give them the control of the property of the corporation in this jurisdiction. When they took possession, on June 2, 1884, was any lien existing on the real estate which this

court ought to enforce in aid of the plaintiff's judgment? The judgment was formally entered after the date of the appointment of receivers; but the plaintiff's counsel insisted, on the argument, that he had secured a lien on the property in New Jersey by virtue of the provisions of section 194 of the practice act of the state, alleging that the judges of the supreme court of the state were accustomed to treat the verdict, before the entry of a judgment, as a lien upon the real estate of the defendant. He produced no authority, and we have not been able to find any, for such a construction of the words of the section.

Section 192 abolishes judgment rolls as such, and directs how the clerk shall make up a judgment record, to-wit, by entering in a separate book the warrants of attorney, declaration, pleadings, proceedings, and judgment in every civil cause. Section 194 simply provides that, until the clerk shall have done this in a case, "the verdict or rule for judgment in the minutes of the court shall be held and taken, in the court in which the same is obtained, to be the record of the judgment in such cause, and shall be received in evidence in said court as such judgment as fully as if the record had been made up and signed as by said section 192 required."

This is clearly a provision which authorizes a court to treat the entries or rules for judgment in its own minutes as evidence of the record of a judgment, before the clerk has had time to make up the record. If the legislature had intended to do more than this, and to repeal the statute existing continuously since the last century, "that no judgments shall affect or bind any lands, tenements, hereditaments, or real estate but from the time of the actual entry of such judgment in the minutes or records of the court," it would have done so in more explicit terms.

We therefore hold that when the receivers took charge of the property the plaintiff had acquired no lien by virtue of the verdict. The business of the corporation since their appointment has been conducted under the supervision and control of the court in which the receivers were first appointed. Monthly reports reveal to judges there the condition of the estate, and that is the proper forum to which to apply for orders for the payment of claims.

The rule to show cause must be discharged.